GAUDALOUPE ELWELL and others,

*vs*

THOMAS CUNNINGHAM and others.

Waldo. Opinion August 11, 1882.

*Evidence. Deed. Office copy.*

To lay the foundation for the introduction of an office copy, instead of the original deed under which he claims, by the heir of the grantee in a suit for the land, it is incumbent on such heir to prove the execution and genuineness of the deed which he claims' is lost, and also to show that he has exhausted his apparent means to produce the original.

ON REPORT.

Writ of entry dated October 9, 1880, to recover possession of certain real estate in Northport. The plaintiffs were the children and legal heirs of Robert Elwell, who died in California in 1853, and they claim title under a deed from Jonathan Elwell to Robert Elwell, dated May 13, 1803, recorded January 31, 1806, in Hancock registry of deeds, volume 17, page 402. At the trial the plaintiffs introduced the testimony of witnesses, the material parts of which are stated in the opinion, and then offered as evidence an office copy of the deed above mentioned from Jonathan Elwell to their father. Thereupon the case was reported

to the law court to determine upon the testimony whether the copy was admissible, with the stipulation that if such copy was not admissible, a nonsuit should be entered.

*H. D. Hadlock*, for the plaintiffs.

When a deed is beyond the control of a party desiring to offer it secondary evidence becomes admissible. *Poignard* v. *Smith*, 8 Pick. 272; *Hathaway* v. *Spooner*, 9 Pick. 23; *DeLane* v. *Moore*, 14 How. 264; *Bird* v. *Bird*, 40 Maine, 392.

The deed of 1803 is beyond the control of the plaintiffs and in the hands of the defendants. They have been notified and refuse to produce it. Therefore secondary evidence of its contents is admissible. See *Taylor* v. *Riggs*, 1 Pet. 596; Taylor's Ev. § 495; 1 Greenl. Ev. § 575; *Boardman* v. *Dean*, 10 Casey, 252; *Perkins* v. *Richardson*, 11 Allen, 538; *Whitmore* v. *Learned*, 70 Maine, 276; *Webster* v. *Calden*, 55 Maine, 171; *Moore* v. *Hazelton*, 9 Allen, 106; *Howe* v. *Howe*, 99 Mass. 88; *Johnson* v. *Moore*, 28 Mich. 3; *Stetson* v. *Gulliver*, 2 Cush. 494;.

*Philo Hersey*, for the defendants, cited: R. S., c. 82, § 99; Rule 26, S. J. C.; 33 Maine, 320; 40 Maine, 392.

BARROWS, J. This case cannot be distinguished in principle from *Bird* v. *Bird*, 40 Maine, 392, except as it lacks one more vital piece of evidence necessary to authorize the use of an office copy of the deed than was found wanting there. In *Bird* v. *Bird*, the existence of the original deed and its delivery to the grantee seem to have been established by such testimony as was then invariably received, *ex necessitate*, to prove the existence and loss of documentary evidence, the case arising before the passage of the statutes making parties to suits competent witnesses in general; and that testimony indicated further that the original deed was probably in the hands of the defendants' attorney who was not called, nor was any reason given for not calling him. Hereupon the plaintiff contended that unless the defendants produced the original or introduced evidence that it was not in their possession, he might put in an office copy. But the court in a terse opinion, adhered to the rule requiring a party to produce the best evidence or show that it is not in his

power so to do, and held that the plaintiff had not complied with it because he had indicated where the deed might be found and had not exhausted the means to produce it.

If now, upon the evidence here presented, it could be said that the existence of a genuine deed from Jona. Elwell to Robert Elwell, dated May 13, 1803, and actually delivered to the grantee, was established, and that the plaintiffs' witness, Mrs. Preston, was not mistaken in her testimony that Mr. Hersey told her a short time ago that he knew where it was, the case would be identical with *Bird* v. *Bird*, and should be decided as that was for the same reason.

The legislature of the state have signified their sense of the importance of the production of original deeds where the title to real estate is in controversy, by making the admission of office copies the subject of special statute provision, by which the heirs of grantees are in effect precluded from the use of copies without proof of the execution of the original deed. R. S., c. 82, § 99; Rule XXVI, S. J. C. Reg. Gen.

In *White* v. *Dwinel*, 33 Maine, 320, it was held that though all the persons purporting by the copy to have been the parties and subscribing witnesses and the register of deeds were dead, the heir claiming real estate under a deed to his ancestor could not prove its genuineness by the mere production of an office copy. To lay the foundation then for the introduction of an office copy by the heir of the grantee in a suit pertaining to the realty it is incumbent on such heir, besides showing that he has exhausted his apparent means of producing the original, to prove the execution and genuineness of the deed which he claims is lost. The plaintiffs here fail on this point as well as the other.

The only witness they offer thereto, testifying in 1881, says he is seventy years old [which would make 1811 the date of his birth]; that he saw the deed in question in 1814 or 1815 in the possession, not of the grantee but of Joshua Elwell (a brother of the grantee who by other testimony in the case seems to have asserted a title to the land in himself,) who was using it in a survey which he was directing; that he (witness,) was ten or

fifteen years old when he saw the deed; that he looked over his brother's shoulder and saw how it read and whose name was signed to it; that he thinks the name signed to the deed was his (witness') father's [his father was not the grantor] ; and that he has never seen it since : and it is evident that he can give no description of it except by affirmative responses to the leading questions of plaintiffs' counsel.   We cannot accept such contradictory and incredible testimony as proof of the execution and genuineness of the deed.   It is worse than none.

According to the stipulations in the report,

*Plaintiffs nonsuit.*

APPLETON, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.